AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 1   Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

```
                                    FILED

                                 JUL 2 0 2004

                            CLERK, U.S. DISTRICT COURT
                                 NORFOLK, VA
```

UNITED STATES OF AMERICA

v.                                                    Case Number 2:03CR00197-006

**THOMAS F. MCCOY,**

Defendant.

## JUDGMENT IN A CRIMINAL CASE

The defendant, THOMAS F. MCCOY, was represented by William P. Robinson, Jr., Esquire.

The defendant pleaded guilty to count(s) 8, 9, 47, and 48. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1951 and 2 | INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (Felony) | 2-27-03 | 8 |
| 18:924 (c)(1)(A)(ii) and 2 | USING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE (Felony) | 2-27-03 | 9 |

On motion of the United States, the court dismissed the count(s) remaining in the Indictment.

As pronounced on July 12, 2004, the defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this _20th_ day of _July_ _2004_.

Raymond A. Jackson
United States District Judge

Defendant's SSN: 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   USM#: 55535-083
Defendant's Date of Birth: 1-9-84
Defendant's Mailing Address: Chesapeake City Jail, 400 Albemarle Drive, Chesapeake, VA   23322
Defendant's Residence Address: 1007 Whitehurst Landing Road, Virginia Beach, VA   23464

# Exhibit E-1

AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 1a - Continuation of counts from page 1

Judgment--Page 2 of 8

Defendant: THOMAS F. MCCOY
Case Number: 2:03CR00197-006

## Continuation of Counts from Page 1

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1951 and 2 | INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (Felony) | 9-4-03 | 47 |
| 18:924 (c)(1)(A)(ii) and 2 | USING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE (Felony) | 9-4-03 | 48 |

AO 245 S (Rev. 2/99)(EDVA rev.1) Sheet 2  Imprisonment

Judgment--Page <u>3</u> of <u>8</u>

Defendant: THOMAS F. MCCOY
Case Number: 2:03CR00197-006

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FOUR HUNDRED TWENTY-ONE (421) MONTHS.**

This term consists of Thirty-seven (37) months on count 8, and Thirty-seven (37) months on count 47, all to be served concurrently; Eighty-Four (84) months on count 9, to be served consecutively, and a term of Three Hundred (300) months on count 48, to be served consecutively.

The court makes the following recommendations to the Bureau of Prisons:

The court recommends that while incarcerated the defendant be enrolled in educational and vocational programs, immediately.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

c: __7/21/04 TL__ (date of distribution)
   P.O. (2)
   Mshl. (4)
   U.S.Atty.                                         _____
   U.S.Coll.                                               United States Marshal
   Dft. Cnsl.              By
   PTS                                               _____
   Financial                                                Deputy Marshal
   Registrar
   ob

AO 245 S (Rev. 2/99)(EDVA rev.1) She        Supervised Release

Judgment--Page 4 of 8

Defendant: THOMAS F. MCCOY
Case Number:  2:03CR00197-006

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**.

This term consists of Three (3) years on count 9, Three (3) years on count 48, Five (5) years on count 8, and Five (5) years on count 47, **all to run concurrently**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm or destructive device.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties  sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):
1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the Probation Officer within 72 hours, or earlier if so directed, of any change in residence.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet    ꝗnt'd) - Supervised Release

Judgment--Page 5 of 8

Defendant: THOMAS F. MCCOY
Case Number:  2:03CR00197-006

## SPECIAL CONDITIONS OF SUPERVISION

While, on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.
2) The defendant shall provide the probation officer with access to requested financial information.
3) As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563 (a)(5). However, this does not preclude the United States Probation Office from administering drug tests as they deem appropriate.
4) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.
5) Any balance that remains unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full. Said payments shall commence sixty (60) days after defendant's supervision begins.

AO 245 S (Rev. 3/99)(EDVA rev.) Shee    jinancial Penalties

Defendant: THOMAS F. MCCOY
Case Number:  2:03CR00197-006

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total monetary penalties in accordance with the schedule of payments set out below.

| Count | Special Assessment | Fine |
|-------|-------------------|------|
| 8 | $100.00 | |
| 9 | $100.00 | |
| 47 | $100.00 | |
| 48 | $100.00 | |
| **Total** | **$400.00** | |

## FINE

No fines have been imposed in this case.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:  (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The special assessment is due in full immediately.  If not paid immediately, the court authorizes the deduction of appropriate sums from the defendant's account while in confinement in accordance with the applicable rules and regulations of the Bureau of Prisons.

Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

Any balance that remains unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full.  Said payments shall commence sixty (60) days after defendant's supervision begins.

If this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment.

All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 6 - Restitution and Forfeiture

Judgment--Page 7 of 8

Defendant: THOMAS F. MCCOY
Case Number:  2:03CR00197-006

## RESTITUTION AND FORFEITURE

### RESTITUTION

The court, pursuant to the Victim and Witness Restitution Act, finds that the following is/are victim(s) of defendant's criminal conduct and has/have sustained loss in the indicated amounts and orders $38,209.77 restitution by the defendant as follows:

| Name & address of payee(s) | Amount |
|---|---|
| **As to Counts 8 and 47:** | |
| A&N Corporate Offices<br>5501 Ferncroft Road<br>Sandston, VA   23150 | $5,600.00 |
| Burger King Restaurants<br>5505 Blue Lagoon Drive<br>Miami, FL   33126 | $2,600.00 |
| Cottman Transmission Systems<br>240 New York Drive<br>Fort Washington, PA   19034 | $2,300.00 |
| Dollar Tree Stores, Inc.<br>500 Volvo Parkway<br>Chesapeake, VA   23320 | $17,920.72 |
| Farm Fresh Grocery Store<br>853 Chimney Hill Shopping Center<br>Virginia Beach, VA   23452 | $1,291.70 |
| Food Lion, LLC<br>Post Office Box 1330<br>Salisbury, NC   28145-1330 | $820.00 |
| Marshalls Department Store, Inc.<br>770 Cochituate Road<br>Framingham, MA   01701 | $849.26 |
| McDonald's Corporation<br>McDonald's Plaza<br>Oak Brook, IL   60523 | Exact amount not provided |
| Radio Shack Corporation<br>100 Throckmorton Street<br>Suite 700<br>Fort Worth, TX   76102 | $4,709.09 |

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 6 - Restitution and Forfeiture continued

Judgment--Page 8 of 8

Defendant: THOMAS F. MCCOY
Case Number: 2:03CR00197-006

## RESTITUTION AND FORFEITURE

| | |
|---|---:|
| Victim #11 | $330.00 |
| Victim #12 | $149.00 |
| Victim #17 | $730.00 |
| Victim #25 | $20.00 |
| Victim #26 | $20.00 |
| Victim #27 | $30.00 |
| Victim #41 | $295.00 |
| Victim #48 | $45.00 |
| Victim #62 | $500.00 |

**(see accompanying restitution judgment)**

**Total**     **$38,209.77**

Payments of restitution are to be made to Clerk, U. S. District Court.

Restitution is due and payable immediately.

Any balance that remains unpaid on the special assessment and restitution at the inception of supervision shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full. Said payments shall commence sixty (60) days after defendant's supervision begins.

Interest on Restitution has been waived.

Restitution is to be paid jointly and severally with Montra L. Owen, Michael J. Bellamy, Reginald K. Denson, William T. Williams, John A. Salgado, and Floyd C. Jacobs, co-defendants in docket number 2:03cr197.

Restitution is not applicable to counts 9 and 48.

Each restitution payment shall be divided proportionately among the payees named.

## FORFEITURE

Forfeiture has not been ordered in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA

v.                                                                      No. 2:03cr197-006

THOMAS F. McCOY

## RESTITUTION JUDGMENT

1.  The defendant is sentenced to pay, as restitution, $38,209.77, jointly and severally with any co-defendants who are ordered to pay restitution for the same losses.[1]  The amount of restitution paid to any victim, collectively, shall not exceed the Victim's Total Loss from the offenses of conviction.

2.  The victims' names and addresses, and the amount due each victim, is listed in Attachment A to this Restitution Judgment.

3.  Pursuant to 18 U.S.C. §§ 3612(b)(G) and 3664(d)(4), Attachment A is hereby ORDERED SEALED, but it shall be, upon request, released to the United States Attorney's Office and the Probation Office.  A copy of this Restitution Judgment may be provided by the United States Attorney's Office.  A copy of this Restitution Judgment may be provided to each victim listed in Attachment A but the names of all other victims shall be redacted.  The Clerk's records of payments to the victims in this case shall also be SEALED, but upon request shall be provided to the United States Attorney's Office and the Probation Office.

4.  Interest:

    ___✓___   is waived.

    _____   accrues as provided in 18 U.S.C. § 3612(f).

5.  Restitution is due and payable immediately.  The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6.  If incarcerated, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

---

[1] The presently known co-defendants are **Floyd C. Jacobs**, Docket No. 2:03CR197-007; **Reginald K. Denson**, Docket No. 2:03CR197-003; **Michael J. Bellamy**, Docket No. 2:03CR197-002; **Montra L. Owen**, Docket No. 2:03CR197-001; **John A. Salgado**, Docket No. 2:03CR 197-005; and **William T. Williams**, Docket No. 2:03CR197-004.

United States of America v. Thomas F. McCoy
Restitution Judgment, page 2

7.    The defendant shall pay to the Clerk at least $ _/60_ per month beginning

_60 days after proponent release Commenter._

8.    All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, VA 23510.

9.    The defendant shall notify, within 30 days, the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, VA 23510 of: (a) Any change of name, residence, or mailing address; and (b) Any material change in economic circumstances that affects the ability to pay restitution.

10.   Priority of Payments to Victims.

      First, the Clerk shall make payments in full to those victims owed restitution in the amount of less than $100.00. Second, the Clerk shall make payments in $100 increments to each of the remaining victims until all victims have been paid in full. The victim owed the least shall receive the first payment. The victim owed the second least shall receive the second payment, and so on until all victims have received a payment. The process shall be repeated until all victims have been paid in full.

_____
RAYMOND A. JACKSON
UNITED STATES DISTRICT JUDGE

ENTERED this _12ᵗʰ_ day of ~~June~~ _July_ 2004.

at Norfolk, Virginia