IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



THOMAS F. MCCOY,

        Petitioner,

v.                                                                              CRIMINAL ACTION NO. 2:03-cr-197

UNITED STATES OF AMERICA,

        Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Thomas F. McCoy's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 314. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's § 2255 Motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 18, 2003, Petitioner and six of his co-defendants were named in a sixty-one count indictment accusing them of twenty-nine robberies between December 2, 2002 and September 30, 2003. ECF No. 1; *see also* ECF No. 300 at ¶ 9 (summarizing Petitioner's offense conduct). Petitioner was charged with a total of twenty-five counts for his role in twelve of the robberies. ECF No. 1. On March 24, 2004, Petitioner pleaded guilty to Count 8, Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"); Count 9, Using, Carrying, and Possessing Firearms During and in Relation to, and in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); Count 47,

Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951 ("Hobbs Act Robbery"); and Count 48, Using, Carrying, and Possessing Firearms During and in Relation to, and in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i). ECF No. 75. On July 12, 2004, this Court sentenced Petitioner to a total term of 421 months, consisting of 37 months on Counts 8 and 47 to be served concurrently, 84 months on Count 9 to be served consecutively, and a term of 300 months on Count 48 to be served consecutively. ECF No. 193 at 20. On May 26, 2020, Petitioner was granted compassionate release, in accordance with 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 318.

Before the Court's grant of compassionate release, Petitioner filed his § 2255 Motion. ECF No. 314. Because it plainly appears from Petitioner's filing that he is not entitled to relief, the Court will dispose of the § 2255 Motion without further investigation.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *Pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, if it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. 28 U.S.C. § 2255(b); *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

## III. DISCUSSION

Petitioner attempts to raise four grounds for relief in his § 2255 Motion. However, his claims can be condensed into two main contentions: (1) his convictions for Hobbs Act Robbery

under Counts 8 and 47 do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3) after the United States Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019); (2) his "stacked" 300 month sentence pursuant to 18 U.S.C. § 924(c)(1)(C) on Count 48 for multiple violations of § 924(c)(1)(A) was improperly applied. Petitioner also contends that he received ineffective assistance of counsel for his failure to appeal his sentence.

As an initial matter, any potential claim of ineffective assistance of counsel claim must fail as untimely. Since his conviction and sentence became final in 2004, Petitioner has filed multiple unsuccessful § 2255 Motions, wherein any ineffective assistance of counsel claim should have been raised. *See* 28 U.S.C. § 2255(f). Accordingly, Petitioner may not raise an ineffective assistance of counsel claim at this time.

Petitioner's convictions on Counts 8 and 47 are still properly labeled as crimes of violence after *Davis*. In *Davis*, the Supreme Court held the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, Petitioner conviction and sentence on Counts 8 and 47 is still valid after *Davis*, as "Hobbs Act robbery constitutes a crime of violence under the force clause" of 18 U.S.C. § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Therefore, Petitioner's contentions relating to his convictions on Counts 8 and 47 are without merit.

At the time he was originally sentenced, Petitioner was also properly convicted and sentenced to a "stacked" 300 month term on Count 48 for multiple violations of § 924(c)(1)(A) in the same indictment. *See Deal v. United States*, 508 U.S. 129 (1993). However, Congress subsequently amended § 924(c)(1)(C), requiring a final conviction under § 924(c)(1)(A) before a 300 month term of imprisonment may be imposed. *See* FIRST STEP Act, § 403, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Though Congress did not retroactively apply its removal of the

"stacking" provision, the sentencing disparities created by its removal assisted in forming the bases for the Court's grant of Petitioner's request for compassionate release. *See* ECF No. 318 at 10–12 (granting compassionate release based on "Petitioner's relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act, and his rehabilitative efforts"). Notwithstanding the Court's grant of compassionate release, Petitioner's collateral attack on his original sentence on Count 48 is still without merit.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 Motion is **DISMISSED**. It is clear that Petitioner's § 2255 Motion presents no grounds for relief beyond the previously issued grant of compassionate release. Accordingly, Petitioner must serve his term of supervised release consistent with the Court's Order from May 26, 2020 and his original criminal judgment. *See* ECF Nos. 112, 318. However, nothing in this Order shall be construed as interfering with the Court's previous grant of compassionate release. ECF No. 318.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of

Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 28, 2020

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE